IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-08347 MCF |
| BAÑOS Y PISOS INC. | CHAPTER 11 |
| Debtor In Possession | |

CHAPTER 11 REORGANIZATION PLAN
DATED OCTOBER 26, 2015

ARTICLE I
SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay the creditors of BAÑOS Y PISOS, INC., hereinafter referred to as Baños y Pisos, (the "Debtor") from its cash flow from operations and future income.

This Plan provides for one (1) class of secured claim, three (3) classes of unsecured claims and one (1) unsecured/insider class.  Unsecured creditors holding allowed claims will receive 100% distribution on its claims.  This Plan also provides for the payment of administrative claims to the extent permitted by the Code and priority claims in full plus 3% statutory interest.

All creditors and equity security holders should refer to Article III through VI of this Plan for information regarding the precise treatment of their claim.  A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

2.01        All allowed claims entitled to priority under 11 U.S.C. §507 of the Code, except administrative expense claims under 11 U.S.C. §507(a)(2), and priority tax claims under 11 U.S.C. §507(a)(8).

2.02   Class 1.   Proof of claim #6 filed by Banco Popular de Puerto Rico- Special Loans for a commercial loan with lien over Debtor's real estate property, inventory and account receivables to the extent allowed as a secured claim under 11 U.S.C. §506.

2.03   Class 2   Proof of claim #2 by Popular Auto for arrears on an auto lease contract.

2.04   Class 3   All unsecured claims allowed under 11 U.S.C. §502.

2.05    Class 4        Unsecured proof of claim #15 filed by Jane Smith Farmer on a debt listed as contingent, disputed and unliquidated.

2.06    Class 5        An insider debt with related corporation, Empresas BT, Inc.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section 11 U.S.C. §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under 11 U.S.C. §503 will be paid in full on the effective date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  The holders of most of the priority tax claims will be paid in full within the five (5) year period from the filing of the Chapter 11 Petition.  Debtor is proposing payment to all priority creditors in a two (2) year period from confirmation of the plan.  All priority claimants will receive a 3% statutory interest during the life of the plan.

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6), U.S. Trustee Fees, will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| **Priority Claim:**<br>PR Department of Treasury | | 24 monthly payments of $10.88 each until year 2017 and one final payment of $392.00 within 24 months from confirmation.<br>Interest Rate 3%<br>Total Payout Amount: $653.00. |
| **Priority Claim:**<br>Centro de Recaudación de Ingresos Municipales (CRIM) | | 24 monthly payments of $427.27 each until year 2017 and one final payment of $15,382.00 within 24 months from confirmation.<br>Interest Rate 3%<br>Total Payout Amount: $25,636.00. |

| | | |
|---|---|---|
| **Priority Claim:**<br>Municipality of Carolina | | 24 monthly payments of $53.69 each until year 2017 and one final payment of $1,933.00 within 24 months from confirmation.<br>Interest Rate 3%<br>Total Payout Amount: $3,221.00. |
| **Priority Claim:**<br>Municipality of San Juan | | 24 monthly payments of $20.42 each until year 2017 and one final payment of $735.00 within 24 months from confirmation.<br>Interest Rate 3%<br>Total Payout Amount: $1,225.00. |
| **Priority Claim:**<br>Municipality of San Juan | | 24 monthly payments of $166.15 each until year 2017 and one final payment of $5,981.00 within 24 months from confirmation.<br>Interest Rate 3%<br>Total Payout Amount: $9,969.00. |
| **Priority Claim:**<br>Internal Revenue Service | | 24 monthly payments of $78.44 each until year 2017 and one final payment of $2,824.00 within 24 months from confirmation.<br>Interest Rate 3%<br>Total Payout Amount: $4,706.00. |
| **Class-1**<br>**Banco Popular de Puerto Rico**<br>Commercial loan with lien over commercial property, inventory and account receivables.<br>Allowed Secured Amount: $1,688,189.07 (POC #6) | This class is impaired | 24 monthly payments of $13,386.30 each until year 2017 and one final payment of $1,584,746.00 within 24 months from confirmation.<br><br>Interest Rate 5.00%<br>Total Payout Amount: $1,906,017.00.<br>See: Disclosure Statement **Section IV.C.1**. |
| **Class-2**<br>**Popular Auto**<br>Auto Lease Contract<br>POC #2 | This class is impaired | 1 payment of $67.33 at the effective date of the plan. |
| **Class-3**<br>General Unsecured Class | This class is impaired | 24 monthly payments of $2,083.33 each until year 2017 and one final payment of $209,071.00 within 24 months from confirmation.<br>Total Payout Amount: $259,071.00 |
| **Class-4**<br>**Jane Smith Farmer**<br>Allowed Unsecured Claim: $2,075,375.00 (POC #15) | This class is impaired | No payment is being proposed to this claimant. Debtor do not recognizes owing creditor any amount of money and the legal action is being settled in State Court with other codefendants. See: Disclosure Statement **Section IV.C.4**. |
| **Class-5**<br>Empresas BT, Inc. | This class is not impaired | One (1) payment of $566,514.00 in month number 24 from confirmation of the plan after payment in full of all secured, priority and general unsecured creditors of Debtor. See: Disclosure Statement **Section IV.C.5**. |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.    The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    Debtor is party of six (6) unexpired lease agreements as follows: two (2) with Popular Auto for two vehicles; one (1) with TG Chrome & Truck Accessories, Corp. for a commercial space in which Debtor operates the Caguas, P.R. location; and three (3) commercial leases at the Carolina location which generate income for the corporation with: Carolina Tile Outlet, Corpus High Performance, and Crazy Fun Corp.  Refer to **Section IV.F** of the Disclosure Statement.

(b)    Monthly rent income add up to $10,000.00; $120,000.00 annual income.  The estimated amount for a total annual rent expense is $2,500.00 whereas the estimated amount for annual rent expense is $30,000.00.

(c)    The Debtor will conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must have been filed by February 15, 2015.

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Payments and distributions under the Plan will be funded by the regular course of business operations through the monthly income.  As part of the reorganization process, Debtor decided to close the operation at the Carolina, P.R. location and rent the space.  A recent commercial lease agreement was signed for the space which Baños y Pisos had its operation and, as a consequence, Debtor will receive a new income of $5,000.00 per month.  Therefore, Debtor's income will be from two (2) sources, the operation of the business from the Caguas, P.R. location and the rental income.

The plan will be further funded from the sale of the real estate property located at Carolina, P.R. Debtor proposes the sale of said property within twenty four (24) months from the confirmation of the Chapter 11 Plan and pay 100% of the balance owed to all creditors with the proceed of the sale.

Real estate property located at Bo. Canovanillas, Carolina, Puerto Rico was appraised in $4,730,000.00 on January 10, 2012. For purposes of the liquidation analysis, the property has been given a realizable value to $2,365,000.00. Debtor is proposing the sale of the property on month number 24, from confirmation, to fund the plan and pay 100% to all claimants. At the closing of the sale of the property, BPPR's lien must be paid off in the approximate balance of $1,584,746.00 leaving a surplus to pay off the balance due at said moment for priority and general unsecured claimants, which at the expected date of the sale should be $236,320.00, approximately. See: Disclosure Statement dated October 26, 2015 for details.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction.</u>    The definitions and rules of construction set forth in 11 U.S.C. §§101 and 102 shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    <u>Effective Date of Plan</u>.    The effective date of this Plan will be thirty (30) days following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    <u>Severability</u>.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Captions</u>.    The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Effect</u>.    Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Puerto Rico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 <u>Corporate Governance</u>.  The Debtor hereby abides the provisions required by 11 U.S.C. §1123(a)(6) and prohibits the issuance of non-voting equity security.  Further, the new equity security issued as a result of this Plan shall be equal with respect to the possibility of any dividends and the voting directors.

# ARTICLE IX
# DISCHARGE

On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in 11 U.S.C. §1141(d)(1)(A), except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in 11 U.S.C. §1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in 11 U.S.C. §1141(d)(6)(B).

**RESPECTFULLY SUBMITTED**

In Guaynabo, Puerto Rico, this 26th day of October, 2015.

*s/ Alberto Camayd Freixas*
**Alberto Camayd Freixas, President**
**BAÑOS Y PISOS, INC.**
**Debtor in Possession**

**SANTOS & GONZALEZ LLC**
**Counsel for Debtor in Possession**
PO Box 9102
Humacao, Puerto Rico 00792
Tel. (787)285-1001 / (787) 721-3437
E-mail: ngonzalezc@ngclawpr.com
santos.gonzalezlaw@gmail.com

*s/ Nilda M. González-Cordero*
USDC # 213705

*s/ Juan A. Santos Berríos*
USDC #212506